### ALLEN *v.* McFADDEN.

*(Supreme Court, General Term, Fifth Department.*  October 21, 1892.)

NEGOTIABLE INSTRUMENTS—BONA FIDE INDORSEE—FRAUD OF INDORSER.
  In an action on a promissory note, it appeared that plaintiff was a *bona fide* indorsee for value before maturity; that defendant executed the note in payment for seed wheat at an exorbitant price; that the company of which defendant purchased the wheat at the same time gave defendant a bond that within a year it would sell for him, from the crop produced from such seed, the same amount of wheat purchased by defendant, and at the same price.  *Held*, that the note was a part of a joint fraudulent transaction of defendant and the seed company, and defendant could not avail himself of such transaction as a defense to a suit thereon.

Appeal from circuit court, Niagara county.

Action by Isaac W. Allen against James J. McFadden on a promissory note. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial on the minutes of the court, defendant appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER, J.

*Q. G. T. Parker,* for appellant. *E. M. & F. M. Ashley,* for respondent.

PER CURIAM. This action is upon a promissory note, given in the sum of $100, made by the defendant to E. A. Clapp, or bearer, for seed grain. It bears date August 12, 1889, and was payable on the 1st day of October, 1890. Before the maturity of the note it was transferred by Clapp to the plaintiff, who paid therefor the sum of $95. The transaction out of which the note grew was the usual grain swindle, perpetrated in this instance by a company styling itself the "Pennsylvania Seed Company, Limited." The defendant agreed to buy of this company 20 bushels of wheat, at $15 a bushel, less 33⅓ per cent. commission for selling, with a bond of the seed company accompanying the agreement that it would sell for the defendant, on or before September 1, 1890, 20 bushels of wheat, to be derived from the crop of that year, at $15 per bushel, less 33⅓ per cent. commission for selling it; so that the defendant would thereby be enabled to pay out of the transaction this note of $100, together with another one of $50, given at the same time, and have a handsome margin left. As we have repeatedly held, this scheme was a result of a joint fraud of the seed company and of the buyer of the grain, and we do not care at this time to enter upon any discussion or statement of the reasons which have led us repeatedly so to characterize the transaction. The jury has found that the plaintiff bought the note of Clapp in good faith, holding, as a matter of fact, doubtless, that the note had its inception upon the delivery of it by the defendant to Clapp, notwithstanding any fraud existing in the contrivance made by the defendant and the agent of the company, one Barger. See *Sandford* v. *Moss,* (Sup.) 18 N. Y. Supp. 673, and *Joy* v. *Diefendorf,* (N. Y. App.) 28 N. E. Rep. 602.

Judgment and order appealed from affirmed.